**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BASIL V. GREGOROVICH, )
)
Plaintiff, ) C.A. No. 08-391-SLR
)
v. )
)
E. I. DU PONT DE NEMOURS AND )
COMPANY, a Delaware corporation; )
CHARLES O. HOLIDAY, and )
STACEY J. MOBLEY, )
)
Defendants. )

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendants*

Date: July 21, 2008
874645

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................... ii

NATURE AND STAGE OF PROCEEDINGS .................... 1

SUMMARY OF ARGUMENT .................... 2

STATEMENT OF FACTS .................... 3

ARGUMENT .................... 5

I. PLAINTIFF DID NOT PROPERLY SERVE THE INDIVIDUAL DEFENDANTS .................... 5

II. PLAINTIFF ASSERTS ABSOLUTELY NO CLAIM AGAINST THE INDIVIDUAL DEFENDANTS .................... 6

A. Standard for Motion to Dismiss .................... 6

B. Neither of the Individual Defendants Are Even Mentioned In the Body of the Complaint .................... 6

III. ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS .................... 7

A. Standard for Motion to Dismiss .................... 7

B. Plaintiff's Claim for Pension Benefits is Time-Barred .................... 7

C. Plaintiff's Claim for Penalties In Connection With His Request for Information is Time-Barred .................... 8

CONCLUSION .................... 9

## TABLE OF AUTHORITIES

**CASES** **PAGES**

*Bartholomew v. Fischl*,
782 F.2d 1148 (3d Cir. 1986)........................................................................6

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007)..................................................................................6

*Damon v. Unisys Corp.*,
841 F. Supp. 1094 (D. Colo. 1994)...............................................................8

*DelCostello v. Int'l Bhd. of Teamsters*,
462 U.S. 151 (1983)......................................................................................7

*Enzo Life Sciences, Inc. v. Digene Corp.*,
295 F. Supp.2d 424 (D. Del. 2003)...............................................................3

*Groves v. Modified Retirement Plan*,
803 F.2d 109 (3d Cir. 1986)..........................................................................9

*Jackson v. Chevron Corp. Long-Term Disability Org., Inc.*,
2006 U.S. Dist. Lexis 3590 (D. N.J. Jan. 30, 2006).......................................7

*Kumar v. Higgins*,
91 F. Supp. 2d 1119 (S.D. N.Y. 1998)..........................................................9

*LaChapell v. Berkshire Life Ins. Co.*,
142 F.3d 507 (1st Cir. 1998).........................................................................7

*Syed v. Hercules, Inc.*,
214 F.3d 155 (3d Cir. 2000), *cert denied*, 531 U.S. 1148 (2001)....................................7, 8

*Valentino v. Cont'l Cas. Co.*,
2000 U.S. Dist. LEXIS 20596 (W.D. Pa. June 29, 2000)..............................8

**OTHER AUTHORITIES**

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. .................. *passim*

Federal Rule of Civil Procedure 4 ............................................................... *passim*

Federal Rules of Civil Procedure 12(b) ..........................................................1, 6, 7

10 *Del. C.* § 8111 ............................................................ 7, 8

10 *Del. C.* § 8115 ............................................................ 9

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Basil Gregorovich ("Plaintiff"), acting *pro se*, seeks increased pension benefits from his former employer, Defendant E. I. du Pont de Nemours and Company ("DuPont") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"). (Complaint, D.I. 1 ("Cmplt.").) The caption of the Complaint also identifies two individuals as defendants, Charles Holliday[1] and Stacey Mobley (collectively "the Individual Defendants"). No claims are directed to either Mr. Holliday or Mr. Mobley in the body of the Complaint, however.

DuPont and the Individual Defendants have timely moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). This is defendants' opening brief in support of that motion.

---

[1] The caption of the Complaint misspells Mr. Holliday's surname.

## SUMMARY OF ARGUMENT

I. Plaintiff's delivery of copies of the summons and Complaint to DuPont corporate headquarters on behalf of each of the Individual Defendants does not constitute proper service under Federal Rule of Civil Procedure 4.

II. Even if the Individual Defendants had been properly served, the Complaint completely fails to state any claim against either of the Individual Defendants. Indeed, neither individual is even mentioned in the body of the Complaint.

III. Even if the Court rejects the foregoing arguments, all of Plaintiff's claims are barred by the applicable statute of limitations.

**STATEMENT OF FACTS**

When considering a motion to dismiss, the material allegations of the complaint must be accepted as true[2]. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 426 (D. Del. 2003). Accordingly, the following facts are derived solely from Plaintiff's Complaint.

Plaintiff, a former DuPont employee, began receiving a pension from DuPont's Pension and Retirement Plan on July 31, 2004. (Cmplt. ¶4.) Plaintiff's monthly pension benefits were calculated according to a formula outlined in the Pension Plan, as follows: "1.5% of Average Monthly Pay multiplied by Service, minus 50% of Primary Social Security Benefit (PSSB)." (Cmplt., pg. 3, ¶6a.) In accordance with that calculation, Plaintiff's monthly pension benefit is $4,767.00. (Cmplt., pg. 3, ¶6a.)

Even before Plaintiff began receiving his pension benefits, he disputed DuPont's calculation of the PSSB, and its effect on his total monthly benefit. Plaintiff submitted an appeal of his pension calculation to DuPont Connection, the claims administrator, on July 1, 2004, arguing that the primary social security benefit he received was less than that calculated by DuPont. (Cmplt. Ex. I.) DuPont Connection denied Plaintiff's appeal by letter dated July 19, 2004, explaining that the Pension Plan defines PSSB based on an employee's DuPont earnings (not entire work history) and social security law in effect on the January 1st of the retirement year. (*Id*.) Accordingly, DuPont's calculation of Plaintiff's PSSB, and overall pension benefit, was consistent with the terms of the Pension Plan. (*Id*.)

Plaintiff filed a second level appeal with DuPont Connection on September 2, 2004, again arguing that the PSSB estimate he received from the Social Security Administration should

---

[2] DuPont accepts these facts only for purposes of the present motion, and does not thereby waive its right to challenge the accuracy or sufficiency of the allegations in the Complaint if the action progresses.

prevail over DuPont's calculation. (Cmplt. Ex. J.) DuPont's Board of Benefits and Pensions reviewed Plaintiff's appeal and issued its determination on June 26, 2006, concluding that the pension calculation provided to Plaintiff was correct, as verified by DuPont's pension plan administration and procedures. (Cmplt. Ex. D.) As explicitly stated in its June 26, 2006 letter, the Board's decision concluded Plaintiff's rights of appeal within DuPont. (*Id.*)

Plaintiff filed the present action on June 26, 2008, arguing that DuPont miscalculated his PSSB and, as a result, that his monthly pension benefit is short $44.00. Plaintiff seeks past and future damages in connection with this alleged shortfall. (*See* Complt.)

Plaintiff's Complaint also includes a claim that DuPont unreasonably delayed in responding to his written requests for pension plan documents. (Cmplt., pg. 6, ¶6e.) According to the Complaint, Plaintiff wrote to DuPont on June 14, 2004 and requested copies of DuPont's pension plan documents. (Cmplt. Ex. L.) Plaintiff again wrote to DuPont on July 15, 2004, repeating his request for full access to all DuPont pension plan documents. (Cmplt. Ex. M.) By Plaintiff's account, he received the requested documents on April 26, 2006. (Cmplt., pg. 6, ¶6e.) Plaintiff did not pursue this claim further until he filed the present suit on June 26, 2008.

## ARGUMENT

### I. PLAINTIFF DID NOT PROPERLY SERVE THE INDIVIDUAL DEFENDANTS.

The caption of the Complaint identifies three defendants: E. I. du Pont de Nemours and Company, Charles Holliday, and Stacey Mobley. A separate summons was issued to each defendant. Pursuant to Federal Rule of Civil Procedure 4(e)(2), in order to serve an individual defendant, Plaintiff must do one of the following:

> (A) deliver[] a copy of the summons and complaint to the individual personally;
> (B) leave[] a copy of each at the individual's dwelling or usual place of abode . . .; or
> (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

In an effort to effect service of process upon DuPont and the Individual Defendants, Plaintiff hand-delivered three copies of the summons and Complaint to DuPont's corporate headquarters at 1007 Market Street, Wilmington, Delaware 19898 – one directed to DuPont, one to Mr. Holliday and one to Mr. Mobley. (D.I. 3, 4, 5.) Neither Mr. Holliday nor Mr. Mobley were personally served with process, as described by Fed. R. Civ. P. 4. Furthermore, the Complaint does not indicate whether Mr. Holliday or Mr. Mobley are being sued in their individual capacities, or as officers of DuPont. Indeed, the Complaint does not even indicate that either individual is an officer – or even employee – of DuPont. (In fact, the Complaint itself makes absolutely no mention of either individual.) Without additional information regarding the status of the Individual Defendants, it is impossible to know whether Plaintiff's attempt at service has any legal effect.

## II. PLAINTIFF ASSERTS ABSOLUTELY NO CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.

### A. Standard for Motion to Dismiss

Even if the Court determines that service of process upon the Individual Defendants was proper, the Complaint fails to state a claim against either individual. This Court may dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if, after accepting as true the well-pleaded allegations in the Complaint, and viewing those allegations in the light most favorable to plaintiff, the Court determines plaintiff is not entitled to relief. *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986). Mere conclusory allegations or bare legal conclusions are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

### B. Neither of the Individual Defendants Are Even Mentioned In the Body of the Complaint.

The caption of Plaintiff's Complaint identifies Charles Holiday (sic) and Stacey Mobley as additional defendants. Neither Mr. Holliday nor Mr. Mobley are identified in the body of the Complaint, nor are any claims asserted against them. Indeed, save for the caption, their names do not appear anywhere in the Complaint, or in any of its thirteen exhibits. Plaintiff's Complaint seeks relief related to his pension benefits. There is no indication that either Mr. Holliday or Mr. Mobley have anything at all to do with the administration of DuPont's Pension Plan, or the calculation of Plaintiff's pension benefits. Indeed, the documents attached to the Complaint evidence that the opposite is true.

Even liberally construed, the Complaint fails to state a claim for relief against the Individual Defendants and must be dismissed.

## III. ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

### A. Standard for Motion to Dismiss

When the Plaintiff's own factual allegations affirmatively demonstrate that he cannot recover, dismissal under Rule 12(b)(6) is appropriate. *See, e.g.*, *LaChapell v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998) (dismissal based on limitations defense proper).

### B. Plaintiff's Claim for Pension Benefits is Time-Barred.

In addition to the foregoing defects, Plaintiff's claims are time-barred. Plaintiff's claim for pension benefits, arising under ERISA Section 502(a)(1)(B), is barred by the one-year statute of limitation applicable to claims for benefits under ERISA. 29 U.S.C. § 1132(a)(1)(B).

ERISA does not provide a statute of limitations for suits brought to recover benefits, so courts must look to the most analogous state statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158-160 (1983). The statute of limitations for claims brought under ERISA § 502(a)(1)(B) for payment of benefits is the most relevant state statute of limitations governing contract actions. *See Syed v. Hercules*, *Inc*., 214 F.3d 155, 159 (3d Cir. 2000), *cert denied*, 531 U.S. 1148 (2001); *Jackson v. Chevron Corp. Long-Term Disability Org., Inc.*, 2006 U.S. Dist. Lexis 3590 (D. N.J. Jan. 30, 2006) (citing *Syed*, stating claims under §§ 502(a)(1)(B) and (a)(3) are governed by same limitations period). The Third Circuit Court of Appeals has determined that the one-year statute of limitations embodied in 10 *Del. C.* § 8111 is applicable to suits, such as this one, brought to recover benefits under an ERISA plan.[3] *Syed*, 214 F.3d at 159.

[3] 10 *Del. C.* § 8111 provides that: "No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, ***shall be brought after the expiration of one year*** from the accruing of the cause of action on which such action is based" (emphasis added).

While acknowledging this period of time is short, the Third Circuit noted that "Congress intended courts to apply the most closely analogous state statute of limitations." *Id*. at 160. Finding Section 8111 of Title 10 of the Delaware Code the most closely analogous and deciding this period of time was not inconsistent with the policy of ERISA, the Court held that the one-year statute of limitations applied. *Id*. at 160-61.

In the present case, DuPont's Board of Benefits and Pensions denied Plaintiff's final appeal on June 26, 2006. (Cmplt. Ex. D) Thus, the statute of limitations expired no later than June 26, 2007. However, Plaintiff did not file suit until June 26, 2008, two years after exhausting the administrative process and one year after the statute of limitations expired.

    C.    Plaintiff's Claim for Penalties In Connection With His Request For Information is Time-Barred.

Likewise, Plaintiff's claim for penalties in connection with the delay in his receipt of requested pension plan documents is time-barred. A claim for civil penalties accrues when a plaintiff makes a demand for information to which he is entitled under ERISA, and the defendant fails to supply the requested information within thirty days of the demand. *See* ERISA Section 502(c)(1); 29 U.S.C. § 1132(c)(1). ERISA does not contain a statute of limitations expressly governing claims asserted under Section 502(c)(1), so, again, the most analogous state law statute must be applied. *See Valentino v. Cont'l Cas. Co.*, 2000 U.S. Dist. LEXIS 20596, *6-7 (W.D. Pa. June 29, 2000).

Many courts have determined that, because Section 502(c)(1) is penal in nature and was designed to induce compliance with ERISA's requirements, the most analogous state statute of limitations is one involving an action for a civil penalty and/or forfeiture. *Valentino* at *8, citing *Damon v. Unisys Corp.*, 841 F. Supp. 1094, 1097 (D. Colo. 1994) (stating that "the state law claim most analogous to a § 1132(c)(1) civil penalty claim is an action for civil penalties

pursuant to a penal statute"); and *Kumar v. Higgins*, 91 F. Supp. 2d 1119, 1123-24 (S.D. N.Y. 1998) (same); see also *Groves v. Modified Retirement Plan*, 803 F.2d 109 (3d Cir. 1986) (declaring the fine imposed by § 1132(c)(1) is penal in nature). In Delaware, the appropriate statute is 10 *Del. C.* § 8115, which provides: "No civil action for a forfeiture upon a penal statute . . . shall be brought after the expiration of one year from the accruing of the cause of such action." Accordingly, like Plaintiff's claim under Section 502(a)(1)(B), Plaintiff's claim for penalties under Section 502(c)(1) is governed by a one-year statute of limitation.

The Complaint asserts that Plaintiff received the requested documents on April 26, 2006. This suit was not initiated until over two years later. It is, therefore, time-barred.

## CONCLUSION

For all the foregoing reasons, it is hereby respectfully requested that this Court enter an Order granting DuPont's Motion to Dismiss and dismissing Plaintiff's Complaint in its entirety with prejudice.

POTTER ANDERSON & CORROON LLP

By: */s/ Sarah E. DiLuzio*
Kathleen Furey McDonough (No. 2395)
Sarah E. DiLuzio (No. 4085)
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendants*

Dated: July 21, 2008
874523

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BASIL V. GREGOROVICH, )
)
Plaintiff, ) C.A. No. 08-391-SLR
)
v. )
)
E. I. DU PONT DE NEMOURS AND )
COMPANY, a Delaware corporation; )
CHARLES O. HOLIDAY, and )
STACEY J. MOBLEY, )
)
Defendants. )

**ORDER**

WHEREAS, the Court has considered Defendants' Motion To Dismiss Plaintiff's Complaint , and the arguments of all parties related thereto,

NOW, THEREFORE, Defendants' Motion is hereby **GRANTED** and all of Plaintiff's claims contained in the Complaint are dismissed with prejudice.

________________________________
The Honorable Sue L. Robinson
United States District Court Judge

Dated: ________________________

875257

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Sarah E. DiLuzio, hereby certify that on July 21, 2008, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via Federal Express a copy to plaintiff at the following address:

Basil V. Gregorovich, *pro se*
7 Zachary Court
Wilmington, DE 19803-3967

*/s/ Sarah E. DiLuzio*

Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
E-mail: sdiluzio@potteranderson.com

875249/20120-489