IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BASIL V GREGOROVICH, PLAINTIFF )
)
V. )
)
EI DUPONT DE NEMOURS, DEFENDANT )   CA. No. 08-391-SLR
)
CHARLES O. HOLIDAY, DEFENDANT )
)
STACEY J. MOBLEY, DEFENDANT )

**RESPONSE TO DEFENDANTS OPENING BRIEF TO DISMISS**

**1-A PLAINTIFF DID PROPERLY SERVE THE INDIVIDUAL DEFENDANTS**

Three defendants were identified in this Civil Action, E.I. Dupont de Nemours and Company, Charles O. Holiday, the Chief Executive Officer of Du Pont and Stacey J. Mobley, the Chief Legal Officer of Du Pont. Pursuant to Federal Rule of Civil Procedure 4(e)(2) the plaintiff must do the following (C) "**deliver [] a copy of each to an agent authorized by appointment or law to receive service of process** ". Service of the complaint was delivered to the listed company address for all three defendants and service was signed for by a legally appointed representative of Du Pont. If the defendants continue to take the position that they have not been properly served, the court should consider whether obstruction has occurred and it may please the court to examine if fraud upon the court has been committed by Du Pont in order to impede the progress of this Civil Action.

**2-A CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

Charles O. Holiday and Stacey J. Mobley are named in this Civil Action because of their responsibilities within the Du Pont Company. Charles O. Holiday, as Chief Executive Officer, is

1

responsible for the pension plan and its execution. Stacey J. Mobley, as Chief Legal Officer, is responsible for legal compliance of the Du Pont Pension plan. It follows that any reference in the complaint to the Du Pont Company includes reference to these defendants to the extent of their company responsibilities for the Du Pont Pension Plan. The plaintiff is not aware of any specific individual acts that these defendants have committed regarding the plaintiff's pension. Nor has the plaintiff implied in any way that such action has taken place. In the absence of such specific acts it would have been improper to name them in the body of the complaint separately from their company responsibilities. As they ultimately bear Du Pont Company responsibility for the Pension Plan they have been properly named as defendants.

### 3-A    PLAINTIFF'S CLAIMS ARE NOT BARRED BY STATE STATUTES OF LIMITATIONS

After exhausting administrative appeals through Du Pont the plaintiff sought redress in Delaware State Small Claims Court (see section 6d of the complaint). This civil action was brought in JP Court 13, State of Delaware Civil Action Number CA No. J0707010813 (Exhibit N) This case was brought to State Court under US Code Title 29, Chapter 18, Subchapter 1, Subtitle B, Part 5 § 1132.

**(e) Jurisdiction**

Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021 (f)(1) of this title. **State courts of competent jurisdiction and district courts of the United**

**States shall have concurrent jurisdiction of actions under paragraphs (1)(B)** and (7) of subsection (a) of this section.

When this case came to trial Du Pont moved for dismissal on the grounds the State of Delaware lacked jurisdiction (Exhibit P). From the **DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** the plaintiff quotes "…. within the meaning of the employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq. (ERISA) and such cases are solely within the jurisdiction of the United States District Courts. Although US Code Title 29, Chapter 18, Subchapter 1, Subtitle B, Part 5 § 1132. (e) allows for concurrent jurisdiction the judge ruled that in this particular case the Federal Government had exclusive jurisdiction. To quote the Delaware court judgment ( Exhibit Q) "The Court holds this action comes solely under the jurisdiction of the United States District Courts. Defendant's motion to dismiss is granted, and the case is dismissed without prejudice. **Plaintiff may refile under the proper venue."**
Thus both Du Pont and the State of Delaware concurred in the view that the State did not have jurisdiction.

Since the State of Delaware Court ruled that this Civil Action is the exclusive jurisdiction of the Federal Government there would be no basis in law to use Delaware Statute of Limitations. In addition since this Civil Action has been brought in the State of Delaware there would also be no basis for using other State Statutes of Limitation.

This case should thus be governed only by applicable Federal Statute of Limitations. Since the defendant concurs that ERISA has no limitations this suit has no Statute of Limitations bar.

3

**3-B**	**THIRD CIRCUIT COURT OF APPEALS RULING**

Although plaintiff has established that Delaware State statutes of limitation do not apply, according to the defendant the Third Circuit Court of Appeals has determined that a one-year statute of limitations embodied in Del. C. § 811 is applicable to suits brought to recover benefits under an ERISA plan. Regardless of the Courts finding on the applicability of State Law, the plaintiff has in fact met this standard. The defendant took longer than one year to respond to plaintiff's request for pension documents essential for pursuing this Civil Action. On receiving those documents the plaintiff pursued redress in Delaware State Court as permitted by Federal Statute (see 3-A above). The State Court ruled on November 21, 2007 that this action was solely under the jurisdiction of the United States District Courts. The one-year statute of limitations thus commenced on that date and so the filing date of this action is well within that requirement.

**4-A**	**TIME BAR FOR PENALTIES FOR EXCEEDING ERISA TIME LIMIT FOR PROVIDING INFORMATION**

ERISA provides for a penalty if pension documents are not supplied to a pensioner within 30 days of request. Du Pont did not supply the documents for 634 days after the 30 day allowed period. There is no Statute of Limitations in ERISA and as shown in 3-A above State Law does not apply. In addition if a one-year Statute of Limitation were to be applied it would commence on November 21, 2007, the date that Delaware Court rendered a verdict, and so this standard is met by this Civil Action.

**5-A    TIME BAR FOR FUTURE PAYMENTS**

A significant portion of the claim for financial redress in this Civil Action is for future pension payments. If a Time Bar were to be applied to future payments it would be equivalent to denying any legal claims to be brought by a pensioner. There is no language in ERISA that suggests any intention by Congress to deny pensioners the right to seek legal redress. Thus a Time Bar cannot be applied to future pension payments.

**6-A    PENALTIES SOUGHT**

The courts have paid recent attention to the level of punitive damages awarded including a recent suggestion of 9 times the settlement. This Civil Action requests a higher penalty but it should be pointed out that excluding the penalty for ERISA non-compliance the suit asks for $ 1,302.05 per pension payment. This does not seem excessive considering the difficulties the pensioner has faced getting a copy of the pension plan and in pursuing legal action.

**7-A    TIMELY RESPONSE TO CIVIL ACTION**

When considering a motion to dismiss, the material allegations of the complaint must be accepted as true (*Enzio Life Sciences, Inc v. Digene Corp.*, 295 F. Supp. 2d 424, 426 (D. Del. 2003). The defendants in this case submitted a document to the court that sought to dismiss this Civil Action. However, the defendants did not accept the material allegations of the complaint and in addition did not address a single aspect of the Civil Action (see Rule 26, Duty of Disclosure, section (a) Required Disclosures). Thus the defendants did not respond to the complaint within the required disclosure period of 20 days required by law. The plaintiff therefore seeks a default judgment in favor of the plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby respectfully requested that the Court deny Du Pont's motion to dismiss and grant plaintiff's motion for default judgment.

July 30, 2008

Date

By: *Basil Gregorovich*

Basil Gregorovich

7 Zachary Court

Wilmington, DE, 19803-3967

302-764-7882

gregorov@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Basil V. Gregorovich, hereby certify that on July 30, 2008, I filed a true and correct copy of the foregoing document with the Clerk of the Court in person at the Federal Building, Market Street, Wilmington, DE..

A copy of said document was also sent by **Registered Mail** on July 30, 2008 to defendant's attorney at the following address:

>   Sarah E DiLuzio
>   Potter Anderson & Corroon LLP
>   1313 North Market Street
>   PO Box 951
>   Wilmington, DE 19899-0951

_____
Basil V. Gregorovich
7 Zachary Court
Wilmington, DE  19803-3967

Phone: 302-764-7882
Email: gregorov@gmail.com

EXHIBIT N

IN THE JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE,
IN AND FOR **NEW CASTLE** COUNTY
COURT NO **13**

COURT ADDRESS: 1010 CONCORD AVE, WILMINGTON, DE

CIVIL ACTION NO: _____

**PLAINTIFF(S)**
1) Name: Basil V Gregorovich
Address: 7 Zachary Ct., Wilmington, DE, 19803-3967
System ID#: ___
Phone: ___
PLAINTIFF(S) Phone: 302-764-7882
2) Name: ___
Address: ___
System ID#: ___
Phone: ___

Plaintiff's Attorney or Agent, if any: NONE
Address: ___
System ID# (bar#): ___
Phone: ___

**Check One**
[x] Individual
[ ] Corporation or other Artificial entity (see Supreme Court Rule 57)

Type of Service: Court Service [x]   Special Process Server [ ]
(Check One)

VS.

**DEFENDANT(S)**
1) Name: E.I. DuPont de Nemours, Co.
Address: 1007 Market St, Wilmington, DE, 19898
System ID#: ___
Phone: ___
DEFENDANT(S) Phone: 302-774-1000
2) Name: Charles O. Holiday, CEO
Address: 1007 Market St., Wilmington, DE, 19898
System ID#: ___
Phone: 302-774-1000

Defendant's Attorney or Agent, if any: Stacey J. Mobley
Address: 1007 Market St, Wilmington, DE, 19898
System ID# (bar#): ___
Phone: 302-774-1000

**Check One**
[ ] Individual
[x] Corporation or other Artificial entity (see Supreme Court Rule 57)
Alternate Address (Physical or Mailing): ___

Type of Action: Debt [x]   Replevin [ ]   Trespass [ ]   Summary Possession [ ] (Landlord Tenant)
Deficiency Judgment [ ]

**COMPLAINT-**
1. Concise Statement of Facts: (Who, What, When, Where, How?) When I retired from DuPont they miscalculated my pension by $44.°°/month. The first low pension payment was paid 21/31/05 and has continued until now. I immediately entered the appeal process requesting pension details that were not supplied until April 26, 2006. My appeal was denied June 2, 2006 despite the documents clearly showing my calculation was correct.

2. Relief Sought:
$ 1540  Amount of money claimed. (Not including interest)
$ 295  Pre Judgment Interest at ___ % legal rate ___ % contractual rate
$ ___  Post Judgment Interest at the legal rate OR contractual rate of ___ %
$ ___  Court Costs.
$ ___  Other ___
[ ] Possession
[ ] Return of personal property  or  $ ___
Jury Trial Demanded (Possession only) [ ] Yes [ ] No
Total value (Attach list of property stating description, number and value of items on 8 ½" x 11" paper

TO THE COURT OF THE JUSTICES OF THE PEACE
Please docket the above-captioned case and issue a Summons to the above-named Defendant(s) to appear before you so there may be a trial of this case and judgment for the Plaintiff(s), together with interest and costs of this proceeding; or, for an Attachment in Lieu of Summons, please issue same and direct the Constable to execute the proper process.

Date: June 25, 2007

Plaintiff or Plaintiff's Attorney: [signature]

*EXHIBIT N*

# IN THE JUSTICE OF THE PEACE COURT OF
## THE STATE OF DELAWARE, IN AND FOR NEW CASTLE COUNTY
### COURT NO: 13

COURT ADDRESS:  
1010 CONCORD AVE  
WILMINGTON, DE, 19802

CIVIL ACTION NO: J0707010813

SYSTEM ID: @578129  
BASIL V GREGOROVICH  
7 ZACHARY CT  
WILMINGTON DE  198033967

## BASIL V GREGOROVICH
----- VS -----
### CHARLES O HOLIDAY - CEO
### EI DUPONT DE NEMOURS & COMPANY

Defendant Parties:

SYSTEM ID: @578127  
CHARLES O HOLIDAY  
1007 MARKET STREET  
WILMINGTON, DE  19898

SYSTEM ID: @578128  
EI DUPONT DE NEMOURS  
1007 MARKET STREET  
WILMINGTON, DE  19898

Attorney for defendants:    SYSTEM ID: 003380  
EVELYN H BRANTLEY  
1007 MARKET STREEET  
D7146  
WILMINGTON, DE  19898

## BILL OF PARTICULARS

I certify that the Bill of Particulars was mailed to Evelyn H Brantley, the attorney for the defendants, on September 5, 2007. The mailing was by Registered Mail Registered Number RA411363086US with return receipt.

EXHIBIT N

Page 1 of 2

IN THE JUSTICE OF THE PEACE COURT OF
THE STATE OF DELAWARE, IN AND FOR NEW CASTLE COUNTY
COURT NO: 13

CIVIL ACTION NO: J0707010813

BILL OF PARTICULARS

**Summary**
I believe Dupont is miscalculating the amount of my pension. The pension payment I have been receiving is $ 4767.00 per month (Exhibit A). My calculations show the pension should be $4811.00 per month, which is $ 44.00 more per month than I have received. Between my first pension payment on Jul 30, 2004 and May 31, 2006 I have received 35 miscalculated pension payments for a total of :

        Claim Amount 35 X $ 44.00 = $ 1540
        Legal interest              $ 245
        Total claim               $1785

**Pension Calculation**
The portions of the DuPont pension plan that deal with pension calculation are attached (Exhibit B).

- Section IV-A, subsection 2(b), page 2 shows the appropriate calculation method:
  " 1.5% of Average Monthly Pay multiplied by Service, minus 50% of Primary Social Security Benefit (PSSB)"
- The definition of PSSB is in Section IX-A subsection 4 on page 21, and includes the statement
  "….in accordance with the Federal Social Security Act in effect on January 1 of the year of retirement….. "

The pension shortfall results from the DuPont miscalculation of the PSSB which differs from the actual PSSB paid by Social Security (Exhibit C). You will note that the Social Security calculation of $ 1775.00 was for payment of PSSB starting on Jan 14th 2004, the year of retirement. Dupont estimated my Social Security payment to be $ 1863.00. This difference of $ 88.00 results in $ 44.00 less in pension payment per month.

**DuPont Appeal**
I entered the appeal process (Exhibit D) receiving a rejection on Jul 19, 2004. I then appealed that decision and received a final rejection (Exhibit E) on June 26, 2006. I draw your attention to the following in Exhibit E:

Page 2 0f 2

- 2nd Page, 1st paragraph " We do not have a copy of the statement that you received from the Social Security Administration, so we do not know how they came up with the pension amount of $ 1775.00 "
- 2nd Page, 2nd paragraph " Regardless of the Social Security Administration calculations, the Plan benefit is calculated based on DuPont's calculation of the Social Security Primary Insurance Amount ".

A copy of the Social Security statement was supplied as an attachment with the appeal dated July 1, 2004 (Exhibit D ). Apparently the appeals process was completed without an examination of the primary evidence that I believe proves my claim.

It would seem appropriate that the Social Security Administration would determine the correct value of my Social Security Administration benefit (PSSB). I see no language in the DuPont retirement plan to support the claim the DuPont calculation supercedes the Social Security Administration calculation.

### Interest Calculation
Interest was calculated using the Legal interest rate of 5% plus the discount rate of 6.25 % For a total of 11.25 %. The total amount of $ 245. was calculated using an Excel Spreadsheet (Exhibit F).

## AFFIDAVIT

I, Basil V Gregorovich, do certify that the information in the Bill of Particulars is true and correct to the best of my knowledge

_____         Sep 5, 2007
Basil V Gregorovich                     Date

*EXHIBIT P*

# IN THE JUSTICE OF THE PEACE COURT
# THE STATE OF DELAWARE, IN AND FOR NEW CASTLE COUNTY
# COURT No. 13

| | |
|---|---|
| BASIL GREGOROVICH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. J0707010813 |
| E. I. DU PONT DE NEMOURS AND COMPANY et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANTS'
## MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants E. I. du Pont de Nemours and Company and Charles O. Holliday ("DuPont") move the Court for an order dismissing Plaintiff's Complaint. The Court must dismiss Plaintiff's Complaint because it lacks subject matter jurisdiction over this action. Plaintiff's claim, as a pension plan participant, arises under and relates to an employee pension and retirement plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA) and such cases are solely within the jurisdiction of the United States District Courts.

1. Plaintiff's Complaint and Bill of Particulars assert that DuPont has miscalculated his monthly retirement pension under The DuPont Pension and Retirement Plan by utilizing DuPont's calculation of his Primary Social Security Benefit (PSSB) rather than the Social Security Administration's calculation of his PSSB as a component of the overall pension calculation formula.

2. The DuPont Pension and Retirement Plan is a qualified welfare plan subject to the

*EXHIBIT P*

Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002. Certain federal laws including ERISA, "so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005). ERISA sets forth a method for the civil enforcement of benefits due a participant or beneficiary under a pension and retirement plan in 29 U.S.C § 1132.

3. Federal District Courts have exclusive jurisdiction of an action under ERISA without regard to the amount in controversy. 29 U.S.C.S Section 1451(c). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding suit for breach of contract that sought benefits under an ERISA plan was preempted and fell exclusively within jurisdiction of the federal courts). Even state law claims seeking relief are within this select group of cases where Congress has completely preempted an area of law. *Metro. Life*, 481 U.S. at 62-66; *see also* 29 U.S.C. § 1144(a) (section 514(a), the express preemption provision of ERISA, provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute); *Shaw v. Delta Airlines*, 463 U.S. 85, 96-96 (1983) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.").

The Supreme Court has explained that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, *see* 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal quotation marks omitted).

4. Plaintiff seeks an additional monthly pension payment of $44.00, that is, "to recover benefits due to [him] under the terms of [the] plan." *See* 29 U.S.C § 1132(a)(1)(B); *see*

2

*EXHIBIT P*

*also Klassy v. Physicians Plus Insurance Co.*, 371 F.3d 952, 954 (7th Cir. 2004) (holding if a claim is within the scope of ERISA, it is completely preempted regardless of how a Plaintiff may have characterized it).

WHEREFORE, Defendants request that the Court enter the attached Order dismissing Plaintiff's Complaint,

*[signature]*

Evelyn H. Brantley, Esq. (3380)
Attorney for Defendants
Charles O. Holliday
E. I. Du Pont de Nemours and Company, Inc.
1007 Market Street, D7146
Wilmington, DE 19898
Ph. (302) 773-0369
Fx. (302) 774-0187

3

EXHIBIT Q

# IN THE JUSTICE OF THE PEACE COURT OF
# THE STATE OF DELAWARE, IN AND FOR NEW CASTLE COUNTY
# COURT NO. 13

COURT ADDRESS:
1010 CONCORD AVE
WILMINGTON DE 19802

CIVIL ACTION NO:    J0707010813

PLAINTIFF
System ID: @578129
Basil V. Gregorovich
7 Zachary Court
Wilmington, DE  19803-3967

VS

DEFENDANTS
System ID: @578128
E. I. DuPont de Nemours & Co.
1007 Market Street
Wilmington, DE  19898

System ID: @578127
Charles O. Holiday, CEO
C/O  E. I. DuPont de Nemours & Co.
1007 Market Street
Wilmington, DE  19898

## NOTICE OF COURT ACTION

The Court has entered a judgment or order in the following form:

November 21, 2007. Both parties present for motion hearing. Present for Defendants E. I. DuPont de Nemours and Co., Inc. and Charles O. Holiday was Evelyn H. Brantley, Esq. The Court granted Plaintiff Basil V. Gregorovich's motion to vacate the nonsuit of 10/19/2007. Defendant then motioned the Court to dismiss the action as the Justice of the Peace Court lacks subject matter jurisdiction. Plaintiff's claim relates to his employee pension and retirement plan under the Employment Retirement Income Security act of 1974, 29 U.S.C. §1001 et seq. He asserts that DuPont has miscalculated his monthly retirement pension, and seeks to have the J.P. Court establish the amount of his monthly retirement benefit. The Court holds this action comes solely under the jurisdiction of the United States District Courts. Defendants' motion to dismiss is granted, and the case is dismissed without prejudice. Plaintiff may refile under the proper venue.

IT IS SO ORDERED this _____ day of December, 2007.

_____ (SEAL)
KATHARINE B. ROSS
Justice of the Peace

6CF14J (Rev. 9/15/04)