# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BASIL V. GREGOROVICH, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 08-391-SLR |
| ) | |
| v. ) | |
| ) | |
| E. I. DU PONT DE NEMOURS AND ) | |
| COMPANY, a Delaware corporation; ) | |
| CHARLES O. HOLIDAY, and ) | |
| STACEY J. MOBLEY, ) | |
| ) | |
| Defendants. ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendants*

Date: September 3, 2008
880024

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................1

    I.   Plaintiff Misunderstands the Standards Applied to a Motion to Dismiss ............................1

    II.  Plaintiff Fails To Assert Claims Against The Individual Defendants ...............................2

    III. Plaintiff's Claims Are Time-Barred ..................................................................................3

CONCLUSION .........................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*Cheeney v. Highland Community College*,
   15 F.3d 79 (7th Cir. 1994) ................................................................................................4

*Cunningham v. Becker*,
   96 F.Supp.2d 369 (D. Del. 2000) ......................................................................................1

*Fox v. Eaton Corp.*,
   615 F.2d 716 (6th Cir. 1980) ............................................................................................3

*Hardin v. Straub*,
   490 U.S. 536 (1989) ..........................................................................................................3

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
   20 F.3d 1250 (3d Cir. 1994) .............................................................................................1

*Plumbers' Pension Fund, Local 130 v. Niedrich*,
   891 F.2d 1297 (7th Cir. 1989) ......................................................................................2-3

*Retail Clerks Union Local 648 AFL-CIO v. Hub Pharmacy, Inc.*,
   707 F.2d 1030 (9th Cir. 1983) .........................................................................................4

*Shofer v. Hack Co.*,
   970 F.2d 1316 (4th Cir. 1992) .........................................................................................3

*Syed v. Hercules, Inc.*,
   214 F.3d 155 (3d Cir. 2000) ............................................................................................3


**STATUTES**

19 *Del. C.* § 1902 ......................................................................................................................3

29 U.S.C. § 1132(c)(1) ...............................................................................................................2

29 U.S.C. § 1132(d)(1) ...............................................................................................................2

29 U.S.C.S. § 1109(a) .................................................................................................................2


**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(e)(2) ................................................................................................................1

Fed. R. Civ. P. 12(a)(4).................................................................................................................1

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

ERISA § 502(a)(1)(B).............................................................................................................. 2-3

ERISA § 502(c)(1) .................................................................................................................... 2-4

iii

## ARGUMENT

**I.      Plaintiff Misunderstands the Standards Applied to a Motion to Dismiss**

Plaintiff presents the Court with a number of factual allegations and several documents that were not included in his original complaint in this matter.  It is well-settled that, on a motion to dismiss, only the allegations contained in the complaint, and its attachments, may be considered.  *See* Fed. R. Civ. P. 12(b)(6); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994) (on motion to dismiss, court should consider complaint and its attachments, nothing more); *Cunningham v. Becker*, 96 F.Supp.2d 369 (D. Del. 2000) (on motion to dismiss, court may consider allegations in complaint, matters of public record and exhibits to complaint).  Even if the Court were to consider Plaintiff's new proofs, the complaint must be dismissed because it fails to state a claim for relief against the individual defendants and is barred by the applicable statute of limitations.

Furthermore, given the dearth of information contained in the complaint, Defendants had ample reason to question Plaintiff's method of service and Plaintiff's suggestion that their position is improper is simply unfounded.  If the Court accepts Plaintiff's latest contention that Mr. Holliday and Mr. Mobley were served with the complaint in their professional capacities as executives of DuPont, then Defendants concede that the method of service was acceptable pursuant to Fed. R. Civ. P. 4(e)(2).

Finally, Plaintiff misunderstands the import of Defendants' motion to dismiss.  That motion, timely filed, altered the time period within which Defendants may respond to the factual allegations of complaint.  *See* Fed. R. Civ. P. 12(a)(4).  In the event that the Court denies Defendants' motion to dismiss, Defendants will then have ten (10) days to file an answer to the complaint.  *Id.*    Plaintiff's request for a default judgment is thus improper and should be denied.

II.     **Plaintiff Fails To Assert Claims Against The Individual Defendants**

Plaintiff concedes that neither Mr. Holliday nor Mr. Mobley committed any specific acts regarding his pension. Instead, Plaintiff seems to advance the argument that, simply because the Individual Defendants are officers of the company, they bear responsibility for the administration of his pension. There is no factual or legal support for this position, however, and Mr. Holliday and Mr. Mobley should be dismissed as defendants from this case.

Officers of a corporation will not be held personally liable under ERISA Section 502(a)(1)(B) [1] "unless the corporation is acting [as] an alter ego of the individual or there exist facts that warrant the piercing of the corporate veil." *Plumbers' Pension Fund, Local 130 v. Niedrich,* 891 F.2d 1297, 1299 (7th Cir. 1989); *see also* 29 U.S.C. § 1132(d)(1) (any judgment for the recovery of benefits is rendered from the ERISA plan itself, not from another source). Nowhere in Plaintiff's Complaint or answering brief does he allege any facts that would indicate any reasons for piercing DuPont's corporate veil. Indeed, he cannot.

Moreover, neither Mr. Holliday nor Mr. Mobley are identified as administrators of the DuPont Pension Plan. Accordingly, neither can be held individually responsible for Plaintiff's claim under ERISA § 502(c)(1). *See* 29 U.S.C. § 1132(c)(1) (defining action against plan "administrator" who fails to provide information).

---

[1] ERISA also allows for an action based upon a breach of fiduciary duty, which may properly be advanced against identified plan fiduciaries. Plaintiff has not pled a breach of fiduciary duty claim, however, and any recovery from such a claim must inure to the plan, and not the individual beneficiary. 29 U.S.C.S. § 1109(a). In any event, neither Mr. Holliday nor Mr. Mobley are identified plan fiduciaries.

### III.  Plaintiff's Claims Are Time-Barred

####   A.  Plaintiff's JP Court Action Did Not Toll the Statute of Limitations and His Claim for Pension Benefits is Time-Barred.

As set forth in Defendants' opening brief, Plaintiff's claim for pension benefits, arising under ERISA Section 502(a)(1)(B), is barred by the one-year statute of limitation applicable to claims for benefits under ERISA. *See Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3d Cir. 2000), *cert denied*, 531 U.S. 1148 (2001). The fact that Plaintiff originally filed his ERISA claims in a state court that later determined it was without jurisdiction to hear them does not render the present action timely, nor did it toll the statute of limitations. *See* Ex. Q to Ans. Br. (D.I. 8); *see also Shofer v. Hack Co.,* 970 F.2d 1316, 1319 (4th Cir. 1992) (holding that plaintiff's choice of forum was clearly inappropriate because ERISA claims are within the exclusive jurisdiction of the federal courts, therefore, the applicable statute of limitations was not tolled by the filing of the state court action); *Fox v. Eaton Corp.,* 615 F.2d 716, 719 (6th Cir. 1980) (finding that, generally, filing in a court that clearly lacks subject matter jurisdiction will not toll the limitations period), *cert. denied,* 450 U.S. 935 (1981)).

In any event, Exhibit Q to Plaintiff's answering brief evidences that Justice of the Peace Court No. 13 dismissed Plaintiff's claim for lack of subject matter jurisdiction on December 10, 2007. *See* Ex. Q to Ans. Br. (D.I. 8). Plaintiff then waited over <u>six (6) months</u> to initiate this action, on June 26, 2008. Under Delaware law, when a plaintiff files an action in a court that dismisses the suit for lack of subject matter jurisdiction, that individual has sixty (60) days to transfer the action to the appropriate court. 19 *Del. C.* § 1902. Having failed to avail himself of this savings statute, Plaintiff cannot now resurrect his claims in this Court two years after his claims accrued. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989) (holding since the length of limitations period is interrelated with the applicable tolling policy, "Courts thus should not

3

unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue."); *Cheeney v. Highland Community College*, 15 F.3d 79 (7th Cir. 1994) (in borrowing state statutes of limitations for federal question cases, courts also must refer to state rules for tolling statute of limitations); *Retail Clerks Union Local 648 AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030 (9th Cir. 1983) (when federal courts borrow a statue statute of limitations, they also apply the state tolling statute if it is not inconsistent with federal law).

### B. Plaintiff's JP Court Action Did Not Encompass His Claim for Penalties, Which is Therefore Time-Barred.

Even if Plaintiff's JP Court action did toll the statute of limitations (which it did not), that action cannot save his untimely action under ERISA Section 502(c)(1). Even a cursory review of Plaintiff's JP Court complaint, and accompanying bill of particulars, makes clear that his claim in that action was limited to one for benefits he believes are due to him. *See* Ex. N to Ans. Br. (D.I. 8). Nowhere in that action did Plaintiff demand relief in connection with DuPont's alleged failure to provide plan information. Plaintiff offers no other excuse for his failure to timely seek relief as to this claims.

### CONCLUSION

For all the foregoing reasons, as well as those set forth in Defendants' opening brief, it is hereby respectfully requested that this Court enter an Order granting DuPont's Motion to Dismiss and dismissing Plaintiff's Complaint in its entirety with prejudice.

4

5

                              POTTER ANDERSON & CORROON LLP

By: */s/ Sarah E. DiLuzio*
    Kathleen Furey McDonough (No. 2395)
    Sarah E. DiLuzio (No. 4085)
    1313 North Market Street
    Wilmington, DE  19801
    (302) 984-6000
    kmcdonough@potteranderson.com
    sdiluzio@potteranderson.com

*Attorneys for Defendants*

Dated:   September 3, 2008
880024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on September 3, 2008, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via Federal Express a copy to plaintiff at the following address:

Basil V. Gregorovich, *pro se*
7 Zachary Court
Wilmington, DE 19803-3967


            */s/ Sarah E. DiLuzio*
            Sarah E. DiLuzio (#4085)
            POTTER ANDERSON & CORROON LLP
            Hercules Plaza, 6th Floor
            1313 North Market Street
            P.O. Box 951
            Wilmington, DE  19899-0951
            Telephone:  (302) 984-6000
            Telefax:  (302) 658-1192
            E-mail:  sdiluzio@potteranderson.com

875249/20120-489