IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BASIL V. GREGOROVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 08-391-SLR | |
| | ) | |
| E. I. DUPONT DE NEMOURS, | ) | |
| CHARLES O. HOLIDAY, and STACEY | ) | |
| J. MOBLEY, | ) | |
| | ) | |
| Defendants. | ) | |

---

Basil V. Gregorovich, Wilmington, Delaware, Pro Se Plaintiff.

Kathleen Furey McDonough and Sarah Elizabeth DiLuzio, Esquires, Potter Anderson & Corroon, LLP, Wilmington, Delaware.  Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: March 13 , 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Basil V. Gregorovich ("plaintiff"), who proceeds pro se, filed suit pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA) seeking increased pension benefits from, and the imposition of penalties for unreasonable dely against, his former employer defendant E. I. du Pont de Nemours and Company ("DuPont"). (D.I. 1)  Also named as defendants are Charles O. Holliday ("Holliday")[1], chief executive officer of DuPont and Stacey J. Mobley ("Mobley"), chief legal officer of DuPont.  Presently before the court are defendants' motion to dismiss and plaintiff's motion for default.  (6, 13)  For the reasons set forth below, the court will grant defendants' motion to dismiss and will deny as moot plaintiff's motion for default.

## II. BACKGROUND

Plaintiff retired from DuPont on June 30, 2004, and began receiving a monthly pension from DuPont on July 31, 2004.  (D.I. 1, ¶4, ex. I)  The monthly pension benefit was calculated according to a formula outlined in DuPont's pension plan ("plan"), as follows: "1.5% of Average Monthly Pay multiplied by Service, minus 50% of Primary Social Security Benefit (PSSB)."  (D.I. 1, ¶6a)  Plaintiff's monthly pension benefit was calculated at $4,767.00 per month.  (*Id.*)

Plaintiff alleges that he became aware of a possible error in the pension calculation a month prior to his retirement.  (*Id.* at ¶6d)  He disputed DuPont's calculation of the PSSB and its effect on his total monthly benefit and, on July 1, 2004, submitted an appeal of his pension calculation to the claims administrator, DuPont

---

[1]Misspelled in the caption of the complaint as Holiday.

Connection. (D.I. 1, ex. I)  Plaintiff argued that he received a PSSB less than that calculated by DuPont. (*Id.*)  The appeal was denied on July 19, 2004. (*Id.*)

On September 2, 2004, plaintiff filed a second level appeal with DuPont Connection. (D.I. 1, ex. J)  On April 26, 2006, plaintiff was notified by DuPont's Board of Benefits and Pensions ("the Board") that the appeal was received at DuPont Connection just as DuPont was switching service providers and that it had not been forwarded to the new provider causing a delay in deciding the appeal. (D.I. 1, ex. B)  Plaintiff was advised that he would receive a decision on the second level appeal within thirty days of the Board's regularly scheduled meeting. (*Id.*)  The second level appeal was denied on June 26, 2006. (D.I. 1, ex. K)

On June 25, 2007, plaintiff filed a civil action in the Justice of the Peace Court in the State of Delaware in and for New Castle County ("JP Court"), claiming miscalculation of pension benefits, Civil Action No. J0707010813.[2] (D.I. 8, ex. N)  The defendants in this case and the JP Court case are the same.  Defendants filed a motion to dismiss the JP Court case for lack of subject matter jurisdiction. (D.I. 8, ex. P)  On November 21, 2007, the JP Court held that the action, filed under ERISA, came solely under the jurisdiction of the United States District Courts, it dismissed the case without prejudice, and noted that plaintiff could refile in the proper venue. (D.I. 8, ex. Q)  The JP Court entered its written order of the November 21, 2007 ruling on December 10, 2007. (*Id.*)  A little over six months later, on June 26, 2008, plaintiff filed his case in this

---

[2]Plaintiff acknowledges that he did not file the claim for penalties due to unreasonable delay in JP Court because the ERISA penalties exceeded the monetary limits of cases filed in that court. (D.I. 12, ¶ 4c)

2

court. He raises two claims under ERISA: that DuPont miscalculated his PSSB causing a $44.00 differential in his monthly pension benefit; and penalties should be imposed upon DuPont for unreasonable delay in responding to his written request for plan documents. With regard to the second claim, plaintiff alleges that he requested the plan documents on June 14, 2004 and July 15, 2004, but did not receive them until April 26, 2006. (D.I. 1, ¶ 6e, exs. L, M)

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6) on the grounds that plaintiff did not properly serve Holliday and Mobley, the complaint fails to state a claim against Holliday and Mobley, and all of the claims are barred by the applicable one year statute of limitations period. (D.I. 6, 7)  Plaintiff opposes the motion. He also filed a motion for default. (D.I. 13)

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).[3] The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[3]"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

3

rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

4

## IV. DISCUSSION

Defendants move for dismissal on the grounds that plaintiff's ERISA claims are time-barred due to the expiration of the one year statute of limitations. Defendants contend that plaintiff's pension benefits claim accrued on June 26, 2006, the denial date of his second level appeal. They contend the claim for civil penalties accrued on August 26, 2006, the day plaintiff received the plan documents he requested.

Plaintiff argues that since ERISA does not set forth a limitations period, there is no limitations bar. He posits that, if there is a one year statute of limitations, it commenced on November 21, 2007, the date that the JP Court ruled that the action filed was solely under the jurisdiction of the United States Courts. Plaintiff makes particular mention that when the case was dismissed, the JP Court order stated that "plaintiff may refile under the proper venue." (*See* D.I. 8, ex. Q)

Plaintiff's claim alleging a miscalculation of retirement benefits arises under 29 U.S.C. § 1132(a)(1)(B), which provides a non-fiduciary cause of action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[4] *Miller v. Fortis Benefits Ins. Co.,* 475 F.3d 516, 519 (3d Cir. 2007). His second claim for civil penalties due to unreasonable delay in providing the pension plan arises under 29 U.S.C. § 1132(c)(1). ERISA vests federal district courts with jurisdiction over ERISA § 502(a)(1)(B) claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(e)(1). Actions under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), are subject

---

[4]Fiduciary claims and non-fiduciary claims are governed by separate precedent. *Miller v. Fortis Benefits Ins. Co.,* 475 F.3d 516, 520 (3d Cir. 2007).

5

to concurrent state and federal jurisdiction. *Id.* Federal district courts have exclusive jurisdiction over ERISA § 502(c)(1) claims brought pursuant to 29 U.S.C. § 1132(c)(1). *Id.*

## A. Accrual of Claims

Because ERISA does not provide a statute of limitations for recovery of benefits or for penalties due to delay, the court looks to the most analogous state statute of limitations. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 158-160 (1983). As discussed, plaintiff's claim for the alleged miscalculation of ERISA benefits arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *Syed v. Hercules, Inc.*, 214 F.3d 155, 159 (3d Cir. 2000). The Third Circuit has held that the one year statute of limitations found at 10 Del. C. § 8111 is applicable to claims for recovery of benefits under an ERISA plan. *Syed*, 214 F.3d at 159 (identifying 10 Del. C. § 8111 as the applicable statute of limitations on claims for ERISA benefits).

A  non-fiduciary claim such as the one plaintiff filed under § 1132(a)(1)(B) accrues when a claim for benefits has been denied. *Miller v. Fortis Benefits Ins., Co.*, 475 F.3d 516, 520 (3d Cir. 2007) (citations omitted). Under the clear repudiation rule, a formal denial is not required if there has already been a repudiation of the benefits by the fiduciary which was clear and made known to the beneficiary. *Id.* at 520-521. "In other words, some 'event other than a denial of a claim' may trigger the statute of limitations by clearly alerting the plaintiff that his entitlement to benefits has been repudiated." *Id.* at 521 (citations omitted). The rule includes other forms of repudiation when a beneficiary knows or should know he has a cause of action. *Id.* For example, "an erroneously calculated award of benefits under an ERISA benefit plan can serve as

6

'an event other than denial' that triggers the statute of limitations, as long as it is (1) a repudiation; and (2) is clear and made known to the beneficiary. *Id.* (citation omitted). Because an underpayment is adverse to the beneficiary, it repudiates his rights under a plan. *Id.* (citations omitted). Additionally, the receipt of diminished payment provides immediate notice that something is amiss. *Id.* at 522. At this juncture, the beneficiary should be aware that he has been underpaid and that his right to a greater award has been repudiated. *Id.* (citations omitted). He, therefore, should exercise reasonable diligence to ensure the accuracy of his award. *Id.* When considering the above analysis, plaintiff's cause of action for improper calculation of his benefits accrued upon his initial receipt of the erroneously calculated award; that is July 31, 2004, the date the complaint alleges the miscalculation started; not, as defendants suggest, June 26, 2006, the denial date of the second level appeal or, as plaintiff suggests, November 21, 2007, the date the JP Court dismissed his case. *Miller*, 475 F.3d at 521-522; D.I. 1, ¶ 4.

Plaintiff's claim for assessment of penalties due to unreasonable delay in providing requested information arises under ERISA § 502(c)(1). 29 U.S.C. § 1132(c)(1). Because § 502(c)(1) is penal in nature, the most analogous statute must involve an action for a civil penalty and/or forfeiture. *See Groves v. Modified Retirement Plan*, 803 F.2d 109 (3d Cir. 1986); *Valentino v. Continental Cas. Co.*, Civ. No. 99-1101, 2000 WL 33341979 (W.D. Pa. June 29, 2000 (the state law claim most analogous to a § 1132(c)(1) civil penalty claim is an action for civil penalties and forfeiture). Delaware's civil forfeiture statute, the most analogous state statute, provides for a one year limitations period. 10 Del. C. § 8115.

7

A claim for civil penalties for unreasonable delay in providing pension documents accrues when (1) a plaintiff makes a demand for information to which he is entitled under ERISA; and (2) the defendant fails to supply the requested information within thirty days of the demand. 29 U.S.C. § 1132(c)(1); *see Valentino v. Continental Cas. Co.*, Civ. No. 99-1101, 2000 WL 33341979 (W.D. Pa. June 29, 2000); *Cohen v. Zarwin & Baum, P.C.*, Civ. Action No. 93-2145, 1993 WL 460795 (E.D. Pa. Nov. 9, 1993). Hence, this claim accrued at the latest thirty days from July 15, 2004 – that is August 15, 2004 – the date of plaintiff's second request for a copy of the plan documents; not, as defendants suggest, April 26, 2006, the date plaintiff received the plan documents or, as plaintiff suggests, November 21, 2007, the date the JP Court dismissed his case. (D.I. 1, ex. M)

The one year statute of limitations for each claim expires on the anniversary date of the accrual date. *Monkelis v. Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987). Therefore, the limitations period for the miscalculation of benefits claim under § 1332(a)(1)(B) expired on July 31, 2005, and the limitations period for the civil penalty claim for unreasonable delay under § 1132(c)(1) expired on August 15, 2005. Plaintiff did not file his complaint until June 26, 2008. Therefore, the court must determine whether the one year statute of limitations is subject to the principles of equitable tolling.

## B. Tolling

Defendants argue that plaintiff's ERISA claims were not tolled by the filing of his claim in JP Court because it determined that it was without jurisdiction.[5] Plaintiff relies

---

[5]Defendants rely upon *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir. 1992), which holds (1) that the timely filing of action in state court does not equitably toll the

upon the delay in deciding his second level administrative appeal and the JP Court filing to toll the one year limitations period.

The Third Circuit has entertained claims of equitable tolling in the ERISA context. *Connors v. Beth Energy Mines, Inc.*, 920 F.2d 205, 211-12 (3d Cir. 1990); *Vernau v. Vic's Mkt., Inc.,* 896 F.2d 43 (3d Cir. 1990). "[S]tate tolling principles are generally to be used by a federal court when it is applying a state limitations period. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975); *Sheet Metal Workers, Local 19 v. 2300 Group, Inc.,* 949 F.2d 1274 (3d Cir. 1991). When the state tolling rules contradict federal law or policy, under certain limited circumstances the court can turn to federal tolling doctrine.[6] *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).

The Delaware courts recognize three doctrines that may toll the statute of limitations: (1) inherently unknowable injuries,[7] (2) fraudulent concealment,[8] and (3)

---

running of statute of limitation on ERISA breach of fiduciary claims under federal tolling principles, as the fiduciary duty claims are within exclusive jurisdiction of federal district court; and (2) under state law, equitable tolling was unavailable for non-fiduciary claims when the facts of the case did not support application of the state equitable tolling principles. Defendants also rely upon *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir. 1980), a Title VII case, which holds that the time limitation for filing a civil action is tolled by the filing of a civil action in a state court which plaintiff reasonably believed possessed subject matter jurisdiction.

[6]Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Lake v. Arnold*, 232 F.3d 360, 370 n. 9 (3d Cir. 2000).

[7]Under the doctrine of inherently unknowable injuries, the statute will not run where it would be practically impossible for a plaintiff to discover the existence of a cause of action. *In re Tyson Foods, Inc.,* 919 A2d 563, 584 (Del. Ch. 2007). No objective or observable factors may exist that might have put plaintiff on notice of an

9

equitable tolling.[9] *In re Tyson Foods, Inc.,* 919 A2d 563, 584 (Del. Ch. 2007).  Under

any of these theories, a plaintiff bears the burden of showing that the statute was tolled,

and relief from the statute extends only until the plaintiff is put on inquiry notice.  *Id.* at

585.  No theory will toll the statute beyond the point where the plaintiff was objectively

aware, or should have been aware, of facts giving rise to the wrong.  *Id.*

Additionally, Delaware law contains a remedial statute to prevent a case from

being totally precluded because it was filed in the wrong court.  *Wilmington Trust Co. v.*

*Schneider,* 342 A.2d 240, 242 (Del. 1975).  The statute provides:

> No civil action, suit or other proceeding brought in any court of this State
> shall be dismissed solely on the ground that such court is without
> jurisdiction of the subject matter, either in the original proceeding or on
> appeal.  Such proceeding may be transferred to an appropriate court for
> hearing and determination, provided that the party otherwise adversely
> affected, within 60 days after the order denying the jurisdiction of the first
> court has become final, files in that court a written election of transfer,
> discharges all costs accrued in the first court, and makes the usual deposit
> for costs in the second court.

---

injury, and plaintiff bears the burden to show that he was "blamelessly ignorant" of both
the wrongful act and the resulting harm.  *Id.* at 584-85 (citations omitted).

[8]The statute of limitations may be disregarded when a defendant has fraudulently
concealed from a plaintiff the facts necessary to put him on notice of the truth.  *In re
Tyson Foods, Inc.,* 919 A2d 563, 585 (Del. Ch. 2007).  Under this doctrine, a plaintiff
must allege an affirmative act of "actual artifice" by the defendant that either prevented
the plaintiff from gaining knowledge of material facts or led the plaintiff away from the
truth.  *Id.* (citations omitted).

[9]Under the doctrine of equitable tolling, the limitations period stops running while
a plaintiff has reasonably relied upon the competence and good faith of a fiduciary.  *In
re Tyson Foods, Inc.,* 919 A2d 563, 585 (Del. Ch. 2007).  No evidence of actual
concealment is necessary in such a case, but the statute is only tolled until the investor
"knew or had reason to know of the facts constituting the wrong."  *Id.* (citations omitted)

10

10 Del. C. § 1902. The statute is liberally applied to achieve its purpose to permit and facilitate transfers of proceedings between the courts of Delaware in the interests of justice. *Family Court v. Giles,* 384 A.2d 623 (Del. 1978); *Carney v. Qualls,* 514 A.2d 1126, 1128 (Del. Super. 1986).

The facts of this case support the application of equitable tolling. ERISA itself does not contain an exhaustion requirement, but it does require covered benefit plans to provide administrative remedies for persons whose claims for benefits have been denied. *See* 29 U.S.C. § 1133; *see also Metropolitan Life Ins. Co. v. Price,* 501 F.3d 271, 279 (3d Cir. 2007) (describing the ERISA exhaustion requirement as "a judicial innovation with an eye toward 'sound policy'"). Indeed, an ERISA plan participant must exhaust the administrative remedies available under the plan before seeking relief in federal court unless the participant can demonstrate that resort to the plan remedies would be futile. *See Harrow v. Prudential Ins. Co. of Am.,* 279 F.3d 244, 249-51 (3d Cir. 2002); *Weldon v. Kraft, Inc.,* 896 F.2d 793, 800 (3d Cir. 1990); *see also Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP,* 297 F. App'x 192, 194 (3d Cir. 2008) (not reported) Had plaintiff not exhausted his administrative remedies, he would have run afoul of the requirement that he do so. Accordingly, the court concludes that the period of time during which plaintiff pursued his administrative remedies is equitably tolled in calculating whether his claims are time-barred.

Similarly, at least as to his pension benefit claim (because of its non-fiduciary nature, the policy behind Delaware's remedial transfer statute, the fact that plaintiff filed his lawsuit in the wrong court, his complaint was dismissed without prejudice, and he was advised by the JP Court the he could file in the proper venue), the court concludes

11

that the period of time during which plaintiff pursued his JP Court claim is also equitably tolled in calculating whether his claims are time-barred. Despite the application of equitable tolling, however, plaintiff belatedly filed his complaint in this court. "Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again . . . the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991).

Using this formula for both claims, the statute began running following the decision of the second level appeal on June 26, 2006.[10] The limitations period ran for 364 days until June 25, 2007, when plaintiff filed his lawsuit in the JP Court. At that time, plaintiff had one day remaining of the original one year limitations period. The statute stopped running during the pendency of the JP Court case and began running once the case was dismissed without prejudice on December 10, 2007 when the JP Court entered its written order. At that point, plaintiff had one day to file his complaint in this court. Even allowing plaintiff an additional sixty days from December 10, 2007, as set forth in the remedial transfer statute, 10 Del. C. § 1902, the complaint was not timely filed.[11] Rather, plaintiff waited more than six months, on June 26, 2008, to commence

---

[10]This gives plaintiff the benefit of the doubt since his penalty claim under § 1132(c)(1) was not the subject of the administrative appeal and plaintiff acknowledges in his sur-reply that he did not seek relief for this claim in the JP Court. Given these facts, tolling did not apply and the statute of limitations for this claim expired on August 15, 2005.

[11]This would have given plaintiff sixty-one days to file his complaint in federal court (i.e., the one day remaining on the original limitations period and the additional sixty days under § 1902), until February 8, 2009. Plaintiff had fifteen days, starting the day after the JP Court judgment was signed, to appeal to the Court of Common Pleas.

12

this lawsuit. Hence, his claims are time-barred by the one year statute of limitations.

Therefore, the court will grant defendants' motion to dismiss the complaint.[12]

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant defendants' motion to

dismiss and will deny as moot plaintiff's motion for default. An appropriate order will

issue.

---

10 Del. C. § 9571; JP Ct. Civ. R. 58. Had plaintiff appealed the JP Court decision, it would not have tolled the limitations period during the pendency of the appellate proceedings. *See Nicholson v. Redman*, 622 A.2d 1096 (Del. 1993) (table decision). Even if the limitations period had been tolled an additional fifteen days to account for the time plaintiff had to appeal the JP Court ruling, the complaint would not have been timely filed.

[12]Inasmuch as plaintiff's claims are time-barred, the court will not address the other issues for dismissal raised in defendants' motion to dismiss.

13